# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPITAL ONE, N.A., *Plaintiff*, v. RONALD D. GIVENS, et al. *Defendants.* | Civil Action No.: 16-cv-03702 (PGS) **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Capital One, N.A.'s motion for attorney's fees, expenses and costs (ECF No. 26).

In this matter, the Warren Group Amended and Restated Multiple Employer Welfare Benefit Plan and Trust (the "Plan"), was a qualified, multi-employer plan maintained pursuant to and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). The Plan terminated several years ago, and Plaintiff, Capital One became responsible for distributing the Plan's outsanding assets ($125,000 - $130,000) to the remaining participating employers and employees.

While Capital One was attempting to ascertain the identities and addresses of the remaining Plan participants, Capital One learned that the Plan Sponsor (Warren Financial, and its President Mr. Givens) did not possess adequate records to identify the remaining particpants. (See Ridlehoover Decl. ¶ 13). Mr. Givens explained that he could not provide the identity of participating Plan employees and employers because the paper records were destroyed when his basement flooded after a storm. Id. As a result, Capital One, as trustee, pursued the search for locating the participants by hiring the law firm of McGuire Woods, LLP ("McGuireWoods") to assist that effort. McGuire Woods undertook a reasonable effort to find the Plan participants by

publishing a notice in five different newspaper markets, and also attempted to locate participants by hiring a third party locator service, but McGuire Woods had no success. Now Capital One seeks payment of legal fees and costs from the outstanding assets. The Court has reviewed the following documents:

1. Capital One, N.A.'s Notice of Motion for Attorneys' Fees, Expenses, and Costs;

2. Memorandum of Law In Support of Capital One, N.A.'s Motion for Attorneys' Fees, Expenses, and Costs;

3. Compendium of Unreported Decisions;

4. Declaration of Bradley A. Ridlehoover In Support of Capital One, N.A.'s Motion for Attorneys' Fees, Expenses, and Costs;

5. Declaration of Karol Corbin Walker In Support of Capital One, N.A.'s Motion for Attorneys' Fees, Expenses, and Costs; and

6. Certification of Service.

I find that the hours incurred and the hourly rates, as well as the expenses are reasonable. The Court adopts the affidavit of Karol Corbin Walker as reasonable.

## ORDER

This matter having come before the Court on Plaintiff Capital One, N.A.'s motion for attorney's fees, expenses and costs (ECF No. 26); and having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons;

IT IS on this 11th day of December, 2017;

ORDERED that Plaintiff's motion (ECF No. 26) is granted; and it is further

ORDERED that Capital One, N.A. is entitled to an hereby granted an award of its reasonable attorney's fees ($65,030.00) and costs ($11,989.00) in the amount of $77,019.00

which shall be disbursed from the funds previously deposited by Capital One with the Clerk of the Court (see Clerk's Certificate of Cash Deposit, ECF No. 22) pursuant to the Court's Order of April 27, 2017 (ECF No. 20); and made payable to McGuire Woods, LLP, 1345 Avenue of the Americas, 7th Floor, New York, New York, 10105 (Attn: Philip A. Goldstein); and it is further

ORDERED that the amount of $49,690.68 shall remain in the Registry of the Court and held therein until further order of the Court.

Date: 12/11/17

PETER G. SHERIDAN, U.S.D.J.